IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02552-GPG

MARCELLO MALDONADO PEREZ,

    Applicant,

v.

LOU ARCHULETA, Warden, F.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DRAWING CASE

Applicant, Marcello Maldonado Perez, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Perez has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Weld County District Court case number 09CR2141. He asserts seven claims for relief, including three claims that counsel was ineffective.

On November 23, 2015, the court ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On December 14, 2015, Respondents filed their Pre-Answer Response (ECF No. 7). On January 11, 2016, Mr. Perez filed Applicant's Reply to Respondents' Pre-Answer Response (ECF No. 11). Mr. Perez also has filed Applicant's Motion to Require Respondents to Provide Applicant a Copy of Motions Hearings, Trial and Sentencing

Transcripts (ECF No. 10). That motion will be denied and the case will be drawn to a presiding judge and, if applicable, to a magistrate judge.

Respondents do not raise the affirmative defense of timeliness under 28 U.S.C. § 2244(d) and they concede that Mr. Perez has exhausted state remedies for four of his seven claims. However, Respondents contend that the three ineffective assistance of counsel claims are procedurally barred. Mr. Perez seeks to avoid dismissal of the ineffective assistance of counsel claims as procedurally barred based on the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. Because the *Martinez* exception is limited to substantial claims that counsel was ineffective, "the prisoner must demonstrate that the claim has some merit." *Id.* at 1319. Respondents maintain that *Martinez* is not applicable because the ineffective assistance of counsel claims lack merit.

The record before the court at this time is insufficient to determine whether the ineffective assistance of counsel claims are substantial. Therefore, the court will defer consideration of the affirmative defense raised by Respondents with respect to the ineffective assistance of counsel claims until the state court record is submitted to the court and Respondents have filed an Answer. Pursuant to D.C.COLO.LCivR 8.1(b), the case will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Applicant's Motion to Require Respondents to Provide Applicant a Copy of Motions Hearings, Trial and Sentencing Transcripts (ECF No. 10) is denied.   It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED March 2, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge